Anthony J. Sylvester
Anthony C. Valenziano
SHERMAN ATLAS SYLVESTER & STAMELMAN LLP
210 Park Avenue, 2nd Floor
Florham Park, New Jersey 07932
(973) 302-9700

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

| | |
|---|---|
| ALEXANDER RAYTMAN,<br><br>                                         Plaintiff,<br><br>                    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>                                         Defendant. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CIVIL ACTION NO. 1:23-cv-1795<br><br>NOTICE OF REMOVAL<br><br>Removed from the New York Supreme Court, County of New York |

**TO:**

    Clerk
    United States District Court, Southern District of New York
    Daniel Patrick Moynihan U.S. Courthouse
    500 Pearl Street
    New York, New York 10007

**WITH NOTICE TO:**

    Clerk
    New York Supreme Court
    County of New York
    60 Centre Street
    New York, New York 10007

    Daniel Zemel, Esq.
    Zemel Law, LLC
    660 Broadway
    Paterson, New Jersey 07514
    *Attorneys for Plaintiff*

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase Bank"), hereby gives notice

of removal of this action, which was commenced in the New York Supreme Court, County, of New York, Index No. 654437/2022, to the United States District Court for the Southern District of New York, with full reservation of any and all rights, claims, remedies, objections and defenses. As grounds for this removal, Chase Bank respectfully submits as follows:

## BACKGROUND

1. On or about November 21, 2022, plaintiff Alexander Raytman ("Plaintiff") filed a civil action against Chase Bank in New York Supreme Court, County of New York, Index No. 654437/2022.

2. Chase Bank was formally served with a copy of the Complaint on February 2, 2023.

3. The Complaint filed by Plaintiff in this action asserts a single cause of action against Chase Bank under the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.*, concerning an alleged dispute over a charge on Plaintiff's credit card.

## BASIS FOR REMOVAL

4. Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within 30 days after Chase Bank's receipt of the Complaint in this matter.

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders, specifically the Summons and Complaint are attached hereto as **Exhibit A**. To Chase Bank's knowledge, no additional process, pleading or order has been filed to date in this action outside of those attached as **Exhibit A**.

6. This Notice of Removal will be served upon Plaintiff's counsel via email and Federal Express as required by 28 U.S.C. § 1446(d).

7. A copy of this Notice of Removal will also be filed electronically with the Clerk of the New York Supreme Court, County of New York, as required by 28 U.S.C. § 1446(d).

8. Venue is proper under 28 U.S.C. § 1441(a) because the New York Supreme Court, County of New York, is located within the district of the United States District Court for the Southern District of New York and the events or omissions allegedly giving rise to the claim asserted in the Complaint occurred within the Southern District of New York.

9. Pursuant to 28 U.S.C. § 1441(c)(1)(A), a civil action in state court may be removed to the United States District Court where such action is pending where the Complaint contains "a claim arising under the Constitution, laws or treaties of the United States (within the meaning of section 1331 of this title)."

10. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

11. Here, Plaintiff has asserted a single claim alleging violation of FCBA. Accordingly, the Court has original jurisdiction over Plaintiff's Complaint. *See In re Currency Conversion Fee Antitrust Litigation*, 264 F.R.D. 100, 109 (S.D.N.Y. 2010) (noting complaint alleging violation of FCBA was properly removed to federal court).

WHEREFORE, this action now pending in the New York Supreme Court, County of New York, is properly removed therefrom to this Court.

        Respectfully submitted,

        SHERMAN ATLAS SYLVESTER
        & STAMELMAN LLP
        Attorneys for Defendant
        JPMorgan Chase Bank, N.A.

        By: /s/ Anthony C. Valenziano_____
            ANTHONY C. VALENZIANO

DATED:  March 2, 2023
4855-3365-4099, v. 1

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
ALEXANDER RAYTMAN,

        Plaintiff,

  vs.

JPMORGAN CHASE BANK N.A.,

        Defendant.
------------------------------------------------------------------X

Index No.:

SUMMONS

Date Index No. Purchased:

To the above-named Defendant:

JPMorgan Chase Bank USA, N.A<br>
201 North Walnut Street<br>
Wilmington, Delaware 19801

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in New York County. Plaintiff's address which is in Manhattan, NY.

Dated this 21st day of November, 2022.

Respectfully Submitted,

/s/Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Broadway
Paterson, NJ 07514
T: (862) 227-3106
F: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Credit Billing Act.

1

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
ALEXANDER RAYTMAN,                          Index No.:

                Plaintiff,

        vs.                                 COMPLAINT

JPMORGAN CHASE BANK N.A.,

                Defendant.
-----------------------------------------------------------------X
```

## COMPLAINT AND JURY DEMAND

PLAINTIFF ALEXANDER RAYTMAN, THROUGH COUNSEL DANIEL ZEMEL, pleads this complaint for actual damages, statutory damages, and attorney fees for violation of the Fair Credit Billing Act ("FCBA", part of the Truth in Lending Act), 15 U.S.C. § 1666 and Regulation Z ("Reg Z") issued thereunder.

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to NY CPLR §301.

2. Venue lies properly in this district pursuant to NY CPLR §503(c).

### PARTIES

3. Plaintiff is a natural person, residing in Manhattan, New York who entered into an open-end credit transaction with Chase for personal, family, and household purposes.

4. Defendant, JPMORGAN CHASE BANK ("Chase"), is a national banking association engaged in the business of consumer lending. At all times relevant to this complaint, Chase had extended a credit card, on a revolving basis, to the Plaintiff.

### FACTUAL ALLEGATIONS

2

5. On or about January 11, 2022, Plaintiff rented a care from Fox Rent a Car.

6. The agreed upon price for the rental was $280.68.

7. Nonetheless, Fox charged Plaintiff $494.68.

8. Plaintiff called Fox to dispute the charges and they confirmed their appeared to be an error.

9. On or about January 20, 2022, Plaintiff initiated a dispute with Chase by phone. During the call, Plaintiff requested the opportunity to submit evidence concerning the dispute. The Chase representative refused to allow Plaintiff to submit any information. Instead, the representative confirmed that Chase refused to conduct any investigation into Plaintiff's dispute.

10. On January 21, 2022, despite its earlier representations, Chase advised Plaintiff that it conducted an investigation and found the charges to be valid.

11. Chase did not in fact conduct any investigation, let alone a reasonable investigation.

12. As a direct and proximate cause of Chase's failure to conduct a reasonable investigation, Plaintiff has suffered financial damages and losses, including wasted time in trying to get Chase to conduct a reasonable investigation. Plaintiff has also suffered emotional damages and distress including embarrassment, humiliation, and frustration.

**VIOLATION OF THE FAIR CREDIT BILLING ACT**

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. Plaintiff's credit card with Defendant Chase was a revolving account. Plaintiff uses this account for personal, family or household use.

3

15. Defendant Chase is subject to the Fair Credit Billing Act ("FCBA") and Regulation Z ("Reg Z").

16. Plaintiff timely disputed the error on his Chase credit card account to Chase as it was a bona fide billing error as defined by statute and regulation. In her dispute, Plaintiff explained that he was overcharged.

17. Under the Fair Credit Billing Act at 15 U.S.C. 1666 and Regulation Z which interprets and applies the FCBA, a "billing error" includes an error in amount charged. See 15 U.S.C. § 1666(b)(5); Reg. Z § 1026.13(a)(3).

18. Chase received Plaintiff's timely posited dispute and upon receipt of this dispute, was required to conduct a reasonable reinvestigation in the circumstances to determine whether the Plaintiff's dispute warranted a credit to his account.

19. Chase breached its duty to conduct a reasonable reinvestigation into Plaintiff's billing dispute. Chase's 's investigation was quick, to be sure, but equally slipshod at best and showed a callous indifference to the Plaintiff's rights under the Fair Credit Billing Act.

20. As a direct and proximate cause of Chase's violation of its duties to the Plaintiff under the FCBA and Reg Z, Plaintiff has suffered financial and emotional damages.

WHEREFORE, plaintiff prays for actual damages including pecuniary and emotional damages, statutory, punitive and exemplary damages, costs of the action along with an award of reasonable attorneys' fees plus any other relief that this court deems just.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: November 21st, 2022

/s/ Daniel Zemel
Daniel Zemel
Zemel Law, LLC
660 Broadway
Paterson, NJ 07514
E-mail: dz@zemellawllc.com
Tel.: (862) 227-3106
Fax: (862) 204-5901
*Attorney for Plaintiff*

5